```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                    HARRISON DIVISION
```

UNITED STATES OF AMERICA                              PLAINTIFF

         v.           Civil No. 06-30004

JOHNNY WILLIAM NEAL                                   DEFENDANT

## O R D E R

NOW on this 30th day of August, 2006, the above referenced matter comes on for this Court's consideration of defendant's **Motion to Suppress (document #15)** and all other pleadings with respect thereto. The Court, having held two evidentiary hearings, and having reviewed the pleadings of the parties, and all other matters of relevance before it, finds and orders as follows:

1. The defendant, Johnny Neal, was arrested and charged with the offenses of:

\*    possession with intent to deliver more than 5 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii); and

\*    possession of a firearm from which the serial number had been obliterated, after it had been transported in interstate commerce, in violation of Title 18, U.S.C. §§ 922(k) and 924(a)(1)(B).

2. Neal filed his **Motion to Suppress (document #15)** on July 19, 2006. In the motion, Neal argues that he "was charged with

items seized illegally in violation of Article 2 § 10 of the Arkansas Constitution, and in violation of the 4th Amendment of the United States Constitution." Neal cites, as grounds for suppression, "unlawful seizure, unlawful search, violation of miranda, violation of 6th Amendment rights." Further, Neal "specifically asserts a *Franks*[1] violation." (Motion, ¶¶ 2-4)(footnote added). Neal asked for an immediate hearing on his motion to suppress -- and also requested that his scheduled trial be continued until after the said motion could be ruled on by the Court.

3. In light of the facts that the trial of this matter was originally scheduled to begin the week of Monday, July 24, 2006; that Neal's motion to dismiss had been filed less than a week before the scheduled trial date; and the fact that Neal was requesting an immediate hearing on the same; the Court scheduled a suppression hearing with respect to Neal's motion on Monday, July 24, 2006, prior to the commencement of the scheduled trial.

At the beginning of the hearing, Neal moved for a continuance of the suppression hearing to allow for additional time to secure needed witnesses. Noting that Neal, himself, had asked for the immediate hearing, the Court denied the motion to continue the suppression hearing and proceeded therewith.

4. During the hearing on July 24, 2006, the government

---

[1] Franks v. Delaware, 438 U.S. 154 (1978).

presented two witnesses: Wade Vittitow and Jason Hunt.

Neal indicated to the Court that he was not ready to proceed and needed additional time to secure witnesses concerning the suppression hearing. Thus, Neal presented no witnesses at this hearing. Nevertheless, Neal cross examined the witnesses presented by the government and made argument to the Court concerning their testimony.

5. Although the Court had concerns that Neal's original motion (which was *not* supported by a brief, nor was it accompanied by any affidavits) was insufficient to raise Franks issues, the Court allowed argument during the July 24, 2006, hearing with respect to Franks issues.

Based upon the July 24, 2006, hearing, the Court concluded that justice required it to be continued so that Neal could present witnesses and/or proof in support of his motion to suppress and, specifically, with respect to his arguments based upon Franks v. Delaware, 438 U.S. 154 (1978). The Court requested additional briefing from both parties prior to the resumption of the suppression hearing which it scheduled, with the agreement of the parties, for August 14, 2006.

In light of the foregoing, the Court determined that Neal's motion for continuance of the trial should be granted and it was so ordered.

6. Prior to the scheduled resumption of the suppression

hearing, the government filed its **Memorandum Brief (document #22)** with respect to the motion to suppress as had been requested by the Court.

Neal filed a pleading entitled **Defendant's Amended Motion to Suppress Evidence and Memorandum Brief in Support Thereof (document #23)**.[2]

7. The suppression hearing which had been commenced on July 24, 2006, resumed on August 14, 2006.

The government was permitted to supplement its earlier presentation and presented testimony from Sara Kelley and Wade Vittitow.

Neal presented testimony from Jason Hunt, Rory Olsen, Gary Stringfield, Don Neal, Michael Howard, Ashley Rousey, and Johnny Neal.

At the conclusion of the presentation of evidence, the Court stated that it would take the matter under advisement and permit the parties to submit supplemental briefs on the issues presented by Friday, August 18, 2006.

Neal filed **Defendant's Supplemental Memorandum Brief in Support of Suppression (document # 26)** on August 18, 2006. The government has not provided additional briefing.

---

[2]The Court, noting that Neal's the pleading is entitled "Amended Motion", stated that it would not allow the original motion to be amended, but would only consider the pleading to the extent that it contains supplemental support to the arguments presented in Neal's original motion and during the July 24 hearing.

8. As set forth above, Neal bases his motion to suppress on the teachings of Franks v. Delaware, 438 U.S. 154 (1978), arguing that the affidavit supporting the search warrant application contained material misleading statements.

"To prevail on a Franks challenge to a search warrant application, the defendant must establish 'that a false statement was included in the affidavit knowingly and intentionally or with reckless disregard for its truth, and that the affidavit's remaining content is insufficient to establish probable cause.'" U.S. v. Sandoval-Rodriguez, 452 F.3d 984, 988 (8th Cir. 2006)(quoting U.S. v. Roberson, 439 F.3d 934, 939 (8th Cir. 2006)).

The Court will take up this argument in light of the evidence heard and the briefings presented by the parties.

9. In the Court's view -- for purposes of deciding the motion to suppress now under consideration -- the following facts appear to be established:

\*   Wade M. Vittitow, Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) completed an Application and Affidavit for Search Warrant (the "Affidavit") on June 28, 2005.

\*   The Affidavit was presented that same date to Beverly S. Jones, U.S. Magistrate Judge. As a result, Judge Jones issued a Search Warrant for Neal's residence.

\*   In the Affidavit, Vittitow states that he spoke with

Arkansas State Police Special Agent Kenneth Whillock regarding his investigation of Neal and learned that Whillock had been previously contacted by the Carroll County Sheriff's Department concerning the suspicion that Neal was engaged in the distribution of illegal narcotics.

\* In the Affidavit, Vittitow further states that Whillock relayed:

# that, on or about May 2, 2005, the Carroll County Sheriff's Department utilized a proven and reliable confidential informant to make a controlled purchase of marijuana from Neal at his residence.

# that, on or about May 25, 2005, the Arkansas State Police and the Carroll County Sheriff's Department utilized a proven and reliable confidential informant in an attempt to purchase methamphetamine from Neal; that the attempt to purchase methamphetamine from Neal was unsuccessful due to Neal's alleged attempt to rape the confidential informant; and that Whillock and Deputy Sheriff Jason Hunt extracted the informant from Neal's residence and left the premises.

# that, later in the evening of May 25, 2005, Whillock, Hunt and others returned to Neal's residence with a warrant for Neal's arrest and that, while effecting the arrest of Neal, Whillock observed numerous rifles in Neal's master bedroom.

\* According to the Affidavit, Vittitow interviewed Hunt on

June 22, 2005; Hunt then stated that the Carroll County Sheriff's Department has "received information for years indicating that J.W. Neal's involvement in the distribution of marijuana and methamphetamine"; and Hunt also reiterated Whillock's statements concerning the presence of firearms in the residence.

* According to the Affidavit, on June 22, 2005, Vittitow interviewed "a proven and reliable Carroll County confidential informant"; and Vittitow further sets forth therein the information he learned from the confidential informant.

* According to the Affidavit, Vittitow reviewed Neal's criminal history maintained in the NCIC database and he notes that Neal's criminal history reflects arrests for violations of state controlled substance laws and a May 17, 2000 arrest for aggravated battery and domestic battery – third degree.

* According to the Affidavit, Vittitow reviewed a copy of the Carroll County Sheriff's Department incident report number 4-7-00, which detailed Neal's arrest for domestic battery. Vittitow also reviewed a copy of the Judgment and Disposition Order in the Circuit Court of Carroll County, Arkansas, docket number CR-2000-102. According to Vittitow, the judgment reflects "Neal's November 20, 2000 guilty plea to the misdemeanor charge of Assault in the First Degree and Battery, third degree. . . The cited offenses occurred on May 17, 2000."

* In the Affidavit, Vittitow stated that he believes Neal

has possession at his residential property "firearms which constitute a violation of Title 18 United States Code, Section 922(g)(9) -- Possession of a firearm by a person who has been convicted in any court of a misdemeanor crime of domestic violence."

10. Neal mounts several different attacks on the Affidavit, in that he argues:

\*   that the confidential informant(s) lack credibility;

\*   that the May 25, 2005 arrest of Neal (during which guns were alleged observed by Whillock and Hunt) was conducted without an arrest warrant; and

\*   that Vittitow's account and understanding of Neal's previous convictions are inaccurate.

The attacks are, however, misdirected since it appears to the Court that Neal has failed to establish "'that a false statement was included in the affidavit knowingly and intentionally or with reckless disregard for its truth . . . .'" U.S. v. Sandoval-Rodriguez, 452 F.3d 984, 988 (8th Cir. 2006)(quoting U.S. v. Roberson, 439 F.3d 934, 939 (8th Cir. 2006)).

(a)  In the Affidavit, Vittitow sets forth information he received about the confidential informant -- from another law enforcement officer.  He goes on to state that when he met with the confidential informant, the information which he had been given was then corroborated.

Notwithstanding alleged discrepancies in the confidential informant's story, the Court perceives no evidence that Vittitow either intentionally or recklessly made false representations concerning his knowledge of the confidential informant's reliability or her activities with respect to Neal -- as both had been vouched for by other law enforcement officers and there is no suggestion that he should have questioned or not accepted them.

(b)  Although it is undisputed that the May 25, 2005, arrest of Neal was conducted without an arrest warrant, there is no evidence that Vittitow was aware of that fact at the time he completed the Affidavit.  Thus, there is no basis for a contention that Vittitow knowingly and intentionally stated falsely that there was a warrant when, in fact, there was not.  Further, the Court sees no basis for a contention that Vittitow was reckless by assuming that the arrest was conducted with a warrant when, in fact, that is what he had been told by others in law enforcement.

(c)  As to Vittitow's statement in the Affidavit as to the nature and consequences of Neal's prior convictions, the Court is not persuaded that he was in error.  Vittitow reviewed a Judgment and Disposition Order filed in the Circuit Court of Carroll County, Arkansas.  The Court believes he reasonably concluded from his review that Neal had agreed to -- and did -- plead guilty to a violation of Arkansas Code Annotated § 5-26-305.

Vittitow testified that he reviewed the statute, entitled

"Domestic battering in the third degree," and concluded that the conviction would trigger 18 U.S.C. § 922(g)(9) if Neal was thereafter found to be in possession of firearms. The Court sees no basis to conclude that this testimony was false, nor that Vittitow's conclusions were unreasonable.

Although Neal seems to argue that he did not *intend* to plead guilty to any offense that would limit his possession of firearms, it is not suggested how Vittitow could have been expected to know Neal's underlying intention in the circumstances here presented. As already noted, Vittitow's perception of Neal's conviction and its consequences in terms of the application of 18 U.S.C. § 922(g)(9) in these circumstances is neither false nor unreasonable.

11. The Court has examined and carefully considered all contentions properly raised by Neal's motion to dismiss and finds none to have merit. Accordingly, for the reasons set forth above, Neal's **Motion to Suppress (document #15)** should be, and it hereby is, **DENIED**.

    **IT IS SO ORDERED**.

    /s/ Jimm Larry Hendren
    JIMM LARRY HENDREN
    UNITED STATES DISTRICT JUDGE